UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN TREVONE LAMAR, III,<br><br>            Plaintiff,<br><br>     v.<br><br>T. LEWIS, et al.,<br><br>            Defendants. | No. 1:23-cv-01594 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENA<br><br>(ECF No. 7) |

Plaintiff, a former county jail inmate proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is Plaintiff's complaint which was severed from Lamar v. Soun, No. 1:23-cv-00462 HBK ("Soun"), See ECF No. 13. Plaintiff has also filed a motion for a subpoena. ECF No. 7.

For the reasons stated below, Plaintiff will be ordered to file an amended complaint that contains only the claims related to Defendants Lewis and Franco as they have been identified in the Soun screening order. See ECF No.13 (Soun screening order). In addition, Plaintiff's motion for a subpoena will be denied as prematurely filed.

I.   RELEVANT BACKGROUND

On November 13, 2023, in Lamar v. Soun, No. 1:23-cv-00462 HBK, the magistrate judge assigned to that matter screened it and determined that it should be severed and reassigned with respect to Defendants Lewis and Franco. Soun, ECF No. 13. As a result, the matter was severed and Plaintiff's claims with respect to Defendants Lewis and Franco were assigned to this Court. See ECF Nos. 1, 13 (Soun complaint; Soun screening order and order to sever claims).

Additionally, on January 22, 2025, Plaintiff's motion for a subpoena was docketed. ECF No. 7. In it, Plaintiff requests that video footage from certain dates in January 2021, which recorded an assault by Defendants Lewis and Franco, be subpoenaed. Id.

II.   DISCUSSION

A. Plaintiff's Complaint

Given that Plaintiff's claims against Defendants Lewis and Franco have been severed from his Soun case into this separate case, an amended complaint which only raises Plaintiff's claims against these two Defendants is required. Therefore, Plaintiff will be given thirty days to file an amended complaint. Plaintiff is informed that the amended complaint must only contain the claims that he raising against Defendants Lewis and Franco in the Soun matter. Any other unrelated claims that Plaintiff adds to the amended complaint will, in all likelihood, be disregarded.

B. Plaintiff's Motion for a Subpoena

The Court notes for the record that an amended complaint against Defendants Lewis and Franco has not yet been filed; been determined to state viable claims, and been served on them. As a result, at this stage in the proceedings there is no case or controversy against Defendants. Consequently, the Court has no jurisdiction over them. U.S. Const. art. III, § 2, cl. 1 (live case or controversy requirement); see Kittel v. Thomas, 620 F.3d 949, 951 (9th Cir. 2010) (stating same). For these reasons, Plaintiff's motion will be denied as premature.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a copy of the Court's civil rights complaint for a non-prisoner;

2. Within thirty days from the date of this order, Plaintiff shall file an amended complaint which <u>only</u> contains claims related to those raised against Defendants Lewis and Franco as identified in Plaintiff's <u>Lamar v. Soun</u>, No. 1:23-cv-00462 HBK matter (<u>see</u> ECF No. 13) (<u>Soun</u> screening order), and

3. Plaintiff's motion for a subpoena (ECF No. 7) is DENIED as prematurely filed.

IT IS SO ORDERED.

Dated: **February 5, 2025**          **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

3