UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN TREVONE LAMAR, III,<br><br>Plaintiff,<br><br>v.<br><br>LEWIS, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-01594-FJS (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO UPDATE DOCKET ENTRY<br>(ECF No. 15)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br>(ECF No. 15)<br><br>FOURTEEN (14) DAY DEADLINE |

Plaintiff Devin Trevone Lamar, III ("Plaintiff") is a former county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

This action was severed from *Lamar v. Sonn*, Case No. 1:23-cv-00462-HBK (PC), with respect to Plaintiff's Eighth Amendment excessive use of force claims against Defendants Lewis and Franco. (ECF No. 3.)  On February 3, 2026, the Court screened the first amended complaint and granted Plaintiff leave to file a second amended complaint or notify the Court of his willingness to proceed on cognizable claims. (ECF No. 13.)

On March 16, 2026, Plaintiff filed an amended complaint, which he labeled as another first amended complaint. (ECF No. 15, p. 1.) To avoid confusion, the Court will direct the Clerk

of the Court to update the docket to reflect that the amended complaint filed on March 16, 2026, is the second amended complaint in this action.

Plaintiff's second amended complaint is currently before the Court for screening. (ECF No. 15.)

I.      SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

II.     PLAINTIFF'S ALLEGATIONS

The events in the second amended complaint are alleged to have occurred while Plaintiff was a county jail inmate housed at the Fresno County Jail in Fresno, California. Plaintiff names as defendants: (1) T. Lewis, Officer; (2) M. Franco, Officer; and (3) F. Shouse, Officer. All defendants are employees at the Fresno County Jail.

2

Plaintiff alleges as follows:

On or around January 18, 2021, Plaintiff was physically assaulted by Defendant T. Lewis. Plaintiff was in AJ-64 at the time. Plaintiff was yanked by Defendant Lewis out of the pod and his head bumped the bars. This bumping left lumps. Plaintiff was dragged to the classroom and slammed up against a wall by Lewis. As he watched, Defendant M. Franco punched Plaintiff in his right rib cage. Lewis did not stop him. Lewis threatened to place Plaintiff in a Norteño pod even though Plaintiff is not affiliated. Lewis ordered Plaintiff to get on his knees and repeatedly smacked Plaintiff in his left ear. Plaintiff started bleeding profusely. Defendant Franco witnessed Defendant Lewis slam Plaintiff against a wall, order Plaintiff to his knees, and repeatedly smack Plaintiff in his left ear as he was bleeding. Defendant Franco allegedly did nothing to stop it. This event occurred from approximately 9:00 to 10:00 p.m. Plaintiff sustained physical permanent injuries which left him with a perforated eardrum.

On or around October 29, 2021, to October 31, 2021, in AJ-64, at approximately 3:00 to 6:00 a.m., Plaintiff handed a grievance for Defendant F. Shouse to sign in, which he never returned. Shouse admitted his fault and the grievance was sustained. The cameras in AJ old jail only record for up to 24 hours instead of the standard 1 to 3 years. This prevented and delayed Plaintiff's grievance process, in which his safety was in grave danger at the time.

Plaintiff seeks monetary damages.

III.   DISCUSSION

A.   Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may

3

be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action. For instance, Plaintiff may not, in a single case, assert a claim related to excessive use of force against one set of defendants while simultaneously asserting a claim related to the processing of his inmate grievances against a different defendant on a different date. Unrelated claims involving multiple defendants belong in different suits. Merely because Plaintiff was housed at the Fresno County Jail when the incidents occurred does not make every injury or incident related. Separate unrelated claims must be filed in separate lawsuits.

Plaintiff was previously warned that his first amended complaint must only contain the claims brought against Defendants Lewis and Franco as originally filed in *Lamar v. Sonn*, and that any unrelated claims added to the amended complaint would likely be disregarded. (ECF No. 8, p. 2; ECF No. 13, p. 4.)  Plaintiff is again informed that his claim against Defendant Shouse related to the processing of Plaintiff's grievances is not properly joined to this action.

B.      First Amendment – Grievance Process

Even assuming Plaintiff's claim against Defendant Shouse was properly joined to this action, Plaintiff's allegation that Defendant Shouse discarded Plaintiff's grievances without signing or submitting them fails to state a claim.

Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003); *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.19 88). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993); *see also Wright v. Shannon,* No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment). Denial or refusal to process a prison grievance is not a constitutional violation. *Rushdan v. Gear,* No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018). Accordingly, Plaintiff fails to state a cognizable

4

claim arising out of the processing of his grievances.

### C.    Conditions of Confinement

Based on the allegations in the second amended complaint, it is not clear whether Plaintiff was a convicted prisoner or a pretrial detainee at the time of the incident at issue. Claims regarding the use of excessive physical force and failure to protect or intervene are evaluated under the Eighth Amendment for convicted prisoners and under the Fourteenth Amendment for pretrial detainees. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement); *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) (Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of excessive force that amounts to punishment). At the pleading stage, the Court will evaluate Plaintiff's claims using the legal standards applicable to both convicted prisoners and pretrial detainees.

### 1.    *Excessive Force*

For claims of excessive physical force brought by a convicted prisoner pursuant to the Eighth Amendment, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether significant injury is evident. *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

To state an excessive force claim under the Fourteenth Amendment, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396–97. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). A "pretrial detainee can prevail by providing only objective evidence that the challenged

5

governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley*, 576 U.S. at 398.

"A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* at 397. "A court must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 240 (1979)).

"Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 576 U.S. at 397.

At the pleading stage, Plaintiff states a cognizable claim for the use of excessive force against Defendants Lewis and Franco under either the Eighth Amendment as a convicted prisoner or the Fourteenth Amendment as a pretrial detainee.

### 2. *Failure to Intervene*

Plaintiff alleges that Defendant Lewis watched while Defendant Franco punched Plaintiff in the right rib cage and did not intervene, and that Defendant Franco did nothing to stop Defendant Lewis when Lewis slammed Plaintiff against a wall, ordered Plaintiff to his knees, and repeatedly smacked Plaintiff in his left ear.

Under the Eighth Amendment, prison officials have a duty to take reasonable steps to protect prisoners from physical abuse. *Farmer*, 511 U.S. at 832–33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).

///

6

The elements of a pretrial detainee's failure to intervene/protect claim under the Fourteenth Amendment are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved; and (4) by not taking such measures, the defendant caused plaintiff's injuries. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). Specifically, a pretrial detainee need not "prove an individual defendant's subjective intent to punish in the context of a . . . failure-to protect claim." *Id.* at 1070. A pretrial detainee who asserts a due process claim for failure to protect instead must prove "more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* at 1071.

At the pleading stage, Plaintiff states a cognizable claim for failure to intervene against Defendants Lewis and Franco under either the Eighth Amendment as a convicted prisoner or the Fourteenth Amendment as a pretrial detainee.

IV.    CONCLUSION AND RECOMMENDATION

Based on the above, the Court finds that Plaintiff's second amended complaint states cognizable claims against Defendants Lewis and Franco for excessive force and failure to intervene in violation of either the Eighth Amendment or the Fourteenth Amendment. However, Plaintiff's second amended complaint fails to state any other cognizable claims for relief against any other defendants.

Accordingly, it is HEREBY ORDERED as follows:

1. The Clerk of the Court is DIRECTED to update the docket to reflect that the amended complaint filed on March 16, 2026, (ECF No. 15), is the second amended complaint; and

2. The Clerk of the Court is DIRECTED to randomly assign a District Judge to this action.

* * *

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's second amended complaint, filed March 16, 2026, (ECF No. 15), against Defendants Lewis and Franco for excessive force and failure to intervene

in violation of the Eighth Amendment as a convicted prisoner or the Fourteenth Amendment as a pretrial detainee; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 14, 2026**

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE

8