UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN TREVONE LAMAR, III, | Case No. 1:23-cv-01594-JLT-FJS (PC) |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO SEAL MAILING ADDRESS |
| v. | |
| LEWIS, *et al.*, | (ECF No. 22) |
| Defendants. | |

Plaintiff Devin Travone Lamar, III ("Plaintiff") is a former county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendants Lewis and Franco ("Defendants") for excessive force and failure to intervene in violation of the Eighth Amendment as a convicted prisoner or the Fourteenth Amendment as a pretrial detainee. (ECF No. 20.)

On May 27, 2026, the court found service of the second amended complaint appropriate and directed Plaintiff to complete and return the appropriate service documents for Defendants Lewis and Franco. (ECF No. 21.)

Currently before the court is Plaintiff's motion to seal his mailing address, filed June 17, 2026. (ECF No. 22.) Plaintiff declares that his relatives are directly associated with Defendants and because of this close familial proximity, Defendants maintain an immediate line of communication regarding Plaintiff's family's whereabouts and personal affairs. Plaintiff states

that he reasonably fears that if his physical mailing address is published on the open docket, Defendants will use this family connection to facilitate retaliation, harassment, or physical harm against Plaintiff. (*Id.*)

Federal courts have recognized a strong presumption that judicial records are accessible to the public. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In the case of non-dispositive motions, however, the presumption in favor of public access does not apply with equal force. *Id.* at 1179. Thus, a showing of good cause will suffice to justify sealing a non-dispositive motion. *Id.* at 1180. Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction," and the Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Courts should consider "the interests [of] the parties in light of the public interest and the duty of the courts." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting *Nixon*, 435 U.S. at 602).

Here, Plaintiff requests not just the sealing of a single filing from public access, but to restrict Defendants' access to all filings or court records listing Plaintiff's address. While the court takes seriously Plaintiff's stated safety concerns, Plaintiff may not proceed in this action without providing Defendants a current mailing address at which they may serve him with court-related documents. Local Rule 183. This mailing address does not need to be the same as Plaintiff's residential address, and Plaintiff is free to use a P.O. Box for the purposes of this lawsuit. As Plaintiff has not yet provided an alternative mailing address than the one currently listed on the docket, Plaintiff's request is denied, without prejudice.

Accordingly, Plaintiff's motion to seal mailing address, (ECF No. 22), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **June 18, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

2