UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEVIN TREVONE LAMAR, III,

Plaintiff,

v.

LEWIS, *et al.*,

Defendants.

Case No. 1:23-cv-01594-JLT-FJS (PC)

ORDER DISCHARGING ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE

(ECF No. 38)

ORDER GRANTING NUNC PRO TUNC PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO FILE AN OPPOSITION

ORDER DENYING PLAINTIFF'S REQUEST FOR E-FILE PRIVILEGES

(ECF No. 40)

FORTY-FIVE (45) DAY DEADLINE

Plaintiff Devin Travone Lamar, III ("Plaintiff") is a former county jail inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendants Lewis and Franco ("Defendants") for excessive force and failure to intervene in violation of the Eighth Amendment as a convicted prisoner or the Fourteenth Amendment as a pretrial detainee. (ECF No. 20.)

On August 26, 2026, Defendants filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies. (ECF No. 28.) In the motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 28-1.) Pursuant to

Local Rule 230(l) and Federal Rule of Civil Procedure 6(d), Plaintiff's opposition or statement of non-opposition was due on or before September 21, 2026.

On October 7, 2026, the court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute. (ECF No. 38.) On October 9, 2026, Plaintiff filed a notice of change of address and the court reserved its order to show cause on Plaintiff. (ECF No. 39.) On October 28, 2026, Plaintiff filed a response to the court's order to show cause. (ECF No. 40.) In response, Plaintiff indicated that he was subjected to emergency relocation from Georgia to Maryland due to his disabilities. (ECF No. 40.) Plaintiff also states that his access to his case file, legal records, and legal research was severely disrupted at the time he received the motion for summary judgment because of his relocation, his severe physical mobility limitations, and a temporary lack of functioning administrative and printing equipment. (ECF No. 40.)

Plaintiff makes two requests: (1) that he have an additional forty-five (45) days to serve an opposition so that he can copy and attach evidence that he exhausted his administrative remedies; and (2) that the court allow him to utilize CM/ECF e-filing in this matter due to his physical mobility constraints, lack of transportation, and unreliable printing equipment. (ECF No. 40 at 2.)

Due to Plaintiff's emergency relocation and disruption of functioning administrative and printing equipment, the court finds that there is good cause to GRANT nunc pro tunc Plaintiff's request for an extension of time to file an opposition to Defendants' motion for summary judgment.

However, regarding Plaintiff's request to utilize e-filing, the Local Rules are clear that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." L.R. 133(b)(2). Plaintiff notes that the printing equipment is <u>temporarily</u> down and it is not clear how utilizing electronic filing will accommodate Plaintiff's physical mobility constraints. Plaintiff's request for e-filing access does not provide good cause to deviate from this Local Rule. Thus, Plaintiff's request for e-filing access is denied. Plaintiff will continue to file paper documents with the court through conventional means.

Accordingly, the court HEREBY ORDERS the following:

1. The October 7, 2026, order requiring Plaintiff to show cause why this action should not be

dismissed for failure to prosecute, (ECF No. 38), is DISCHARGED;

2. Plaintiff's request for an extension of time to file an opposition to Defendants' motion for summary judgment, (ECF No. 40), is GRANTED nunc pro tunc. Plaintiff shall file an opposition or statement of non-opposition to Defendants' motion for summary judgment (ECF No. 28) within forty-five (45) days of service of this order. Plaintiff is warned that if he fails to comply with the court's order, this matter will be dismissed, without prejudice, for failure to prosecute; and
3. Plaintiff's request to utilize CM/ECF e-filing, (ECF No. 40), is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **October 29, 2026**

UNITED STATES MAGISTRATE JUDGE