UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN TREVONE LAMAR, III,<br>Plaintiff,<br>v.<br>LEWIS, *et al.*,<br>Defendants. | Case No. 1:23-cv-01594-JLT-FJS (PC)<br>ORDER AFFIRMING THE COURT'S OCTOBER 29, 2026, ORDER<br>(ECF No. 42) |

Plaintiff Devin Travone Lamar, III ("Plaintiff") is a former county jail inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendants Lewis and Franco ("Defendants") for excessive force and failure to intervene in violation of the Eighth Amendment as a convicted prisoner or the Fourteenth Amendment as a pretrial detainee. (ECF No. 20.)

On August 26, 2026, Defendants filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies. (ECF No. 28.) Plaintiff did not file an opposition. On October 7, 2026, the court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute. (ECF No. 38.) On October 28, 2026, Plaintiff filed a response to the court's order to show cause. (ECF No. 40.) In response, Plaintiff requested that he have an additional forty-five (45) days to serve an opposition so that he can copy and attach evidence that he exhausted his administrative remedies. (ECF No. 40 at 2.)

On October 29, 2026, the court granted Plaintiff's request for an extension of time to file an opposition, stating that it was unnecessary for Defendants to file an opposition. (ECF No. 42.) On the same day, Defendants filed an opposition to Plaintiff's request for extension of time. (ECF

No. 41.) Defendants argue that since Plaintiff's deadline to file his opposition has already passed, the court must find good cause and excusable neglect. (ECF No. 41 at 2.) The court already found good cause, (ECF No. 42), so the court will only discuss excusable neglect here.

The court may extend a deadline after the time has expired "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). To find excusable neglect, the court must consider the following factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

The court finds that there is no meaningful prejudice to Defendants if Plaintiff files an opposition to their motion for summary judgment by December 14, 2026. The delay is minimal with no impact on the proceedings. Plaintiff's reasoning for failing to file an opposition—his emergency relocation from Georgia to Maryland and temporary lack of functioning administrative and printing equipment—and his request for additional time to attach evidence that he exhausted his administrative remedies appear valid and sufficient for this court to grant a short extension of time. The court is not persuaded that Plaintiff's failure to produce the same evidence in a separate lawsuit (ECF No. 41 at 3) shows a lack of good faith nor a good reason to deny Plaintiff the opportunity to produce evidence in this action.

Accordingly, the court HEREBY AFFIRMS its October 29, 2026, order (ECF No. 42).

IT IS SO ORDERED.

Dated: **November 3, 2026**

UNITED STATES MAGISTRATE JUDGE